| | |
|---|---|
| SPERTUS, LANDES & UMHOFER LLP<br>Matthew Donald Umhofer (SBN 206607)<br>Elizabeth A. Mitchell (SBN 251139)<br>1990 S. Bundy Drive, Suite 705<br>Los Angeles, CA 90025<br>Telephone: (310) 826-4700<br>Facsimile: (310) 826-4711<br>matthew@spertuslaw.com<br>emitchell@spertuslaw.com | WILLIAMS & CONNOLLY LLP<br>Bruce R. Genderson (*pro hac vice*)<br>Thomas H.L. Selby (*pro hac vice*)<br>Daniel P. Shanahan (*pro hac vice*)<br>Edward C. Reddington (*pro hac vice*)<br>Joseph Q. Wood (*pro hac vice*)<br>Michelle L. Hood (*pro hac vice*)<br>William B. Snyderwine (*pro hac vice*)<br>Miranda R. Petersen (*pro hac vice*)<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>bgenderson@wc.com<br>tselby@wc.com<br>dshanahan@wc.com<br>ereddington@wc.com<br>jwood@wc.com<br>mhood@wc.com<br>wsnyderwine@wc.com<br>mpetersen@wc.com |

*Attorneys for SPS Technologies, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPS TECHNOLOGIES, LLC d/b/a/ PB FASTENERS,<br><br>Plaintiff,<br><br>v.<br><br>BRILES AEROSPACE, INC., MICHAEL BRILES, and ROBERT BRILES,<br><br>Defendants. | Case No. 2:18-cv-09536-MWF-AS<br><br>**DECLARATION OF SARA GRAY IN SUPPORT OF PLAINTIFF SPS TECHNOLOGIES, LLC'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**First Amended Complaint Filed:** December 17, 2018<br><br>**Before: Hon. Michael W. Fitzgerald** |

I, Sara Gray, hereby declare as follows:

1. I am currently Senior Corporate Counsel at Precision Castparts Corp. Precision Castparts Corp. is the parent corporation of Plaintiff SPS Technologies, LLC d/b/a PB Fasteners ("Plaintiff" or "PB Fasteners"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2. In 2011, I was an attorney at the law firm of Stoel Rives LLP ("Stoel Rives"). As part of my employment at Stoel Rives, I was one of a team of attorneys representing PCC and its subsidiary SPS Technologies, LLC (referred to throughout this declaration collectively as "PCC") during the purchase of the PB Fasteners business from Paul R. Briles, Inc., which was structured as an asset purchase.

3. PCC purchased the PB Fasteners business of Paul R. Briles, Inc. in May 2011 pursuant to an Asset Purchase Agreement ("APA") signed by Paul R. Briles, Inc., SPS Technologies, LLC, and, for purposes of Section 6.6, Robert M. Briles and Richard T. Briles.

4. During the acquisition of the PB Fasteners business of Paul R. Briles, Inc., I participated in numerous conversations with the attorneys representing Paul R. Briles, Inc. regarding the APA transaction, several of which included Robert Briles. These conversations related to the proposed acquisition, which included the SLEEVbolt® product.

5. As counsel to PCC, I participated in a call on June 7, 2011 with Paul R. Briles, Inc. (represented by Robert Briles), counsel for Paul R. Briles, Inc., and representatives of the Federal Trade Commission ("FTC") regarding the planned acquisition. That call took place before the APA was amended and the transaction closed. I remember the call and the subject of discussion. During that call, I took notes of who was speaking and what was said.

6. I recall that Robert Briles said during that call that Paul Briles Inc. had licensed the trade secrets, know-how, and technical information related to the

SLEEVbolt® product to SPS Technologies, LLC. Mr. Briles also confirmed that Paul Briles Inc. conveyed proprietary information related to the SLEEVbolt® to PCC, which included manufacturing methods, tooling, designs, and drawings. Rob Briles also confirmed that ownership of the licensed IP remained with Paul Briles Inc..

7. My notes, which have been produced in this litigation, confirm my recollection regarding what Robert Briles told the FTC and me as counsel for PCC.

8. Until this litigation, I am aware of no instance before or after the acquisition in which Robert Briles said or suggested that there were no trade secrets associated with the SLEEVbolt® product. Robert Briles did not tell the FTC that there were no trade secrets associated with the SLEEVbolt® product. To the contrary, Robert Briles said there were trade secrets associated with the SLEEVbolt® product.

9. Robert Briles's representations to the FTC were consistent with the representations that Robert Briles and his counsel made to PCC during the negotiation of the APA.

10. Robert Briles's representations to the FTC were also consistent with PCC's understanding of the license agreement between Paul R. Briles, Inc. and SPS Technologies, LLC entered into in 2005. That agreement granted a license to SPS Technologies, LLC that included a license to the trade secrets necessary to manufacture the SLEEVbolt®.

11. The main reason PCC purchased the assets of Paul R. Briles, Inc. was to acquire the SLEEVbolt® product, including the facilities, employees, and trade secrets necessary to manufacture it. Based on my interactions and communications with Robert Briles, it is my understanding that Robert Briles fully understood this at the time of the acquisition. Both parties understood that the purchase price reflected and was driven by, the value of the SLEEVbolt® product and the trade secrets necessary to make it.

12. I recall that PCC negotiated for the inclusion in the APA of confidentiality and non-competition provisions that applied to Robert Briles consistent with the

understanding that the acquisition of the PB Fasteners business involved the acquisition of valuable proprietary information and trade secrets.

13. To my knowledge, during the negotiations of the APA Robert Briles never informed me, anyone at PCC, or anyone else that there were no trade secrets associated with the SLEEVbolt® product, or that he did not believe there were any trade secrets associated with the SLEEVbolt® product. To the contrary, the opposite is true.

14. Because PCC's primary reason for acquiring the assets of Paul R. Briles, Inc. was to acquire the SLEEVbolt® product and the ability to make it, I do not believe that PCC would have acquired the PB Fasteners business from Paul R. Briles, Inc. if there were no trade secrets protecting the SLEEVbolt® product.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Portland, Oregon on July 29, 2019.

*/s/ Sara Gray*
Sara Gray

- 3 -