# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPS TECHNOLOGIES, LLC d/b/a PB FASTENERS, <br><br> Plaintiff, <br><br> v. <br><br> BRILES AEROSPACE, INC., MICHAEL BRILES, and ROBERT BRILES, <br><br> Defendants. | Case No. 2:18-cv-09536-MWF (ASx) <br><br> [~~PROPOSED~~] **AMENDED PROTECTIVE ORDER** <br><br> **Complaint Filed:** November 9, 2018 |

## I. INTRODUCTION

### A. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, trade secret, commercially sensitive, export-controlled, or otherwise private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XII.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### B. Good Cause Statement

This action is likely to involve trade secrets, export-controlled information, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, part specifications and dimensions, manufacturing processes, commercially sensitive business or financial information, information regarding confidential business practices, information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.,* or

other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.    DEFINITIONS

1.    <u>Action</u>:  This federal lawsuit in the United States District Court for the Central District of California, *SPS Technologies, LLC v. Briles Aerospace, Inc.*, Case No. 2:18-cv-09536-MWF-AS.

2.    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that contain non-public, confidential, or proprietary information that the disclosing party does not make public in the ordinary course of its conduct, as specified above in the Good Cause Statement.

4.    <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

5.      Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

6.      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7.      Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

8.      "EXPORT-CONTROLLED INFORMATION": "EXPORT-CONTROLLED INFORMATION" shall mean information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq., and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, et seq.  Such information may be contained in documents that a Designating Party furnishes in this case related to dual use commodities, technology, or software, or defense articles.  A protective order is warranted, and there is good cause for special treatment of these categories of information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.

9.      "HIGHLY CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that contain non-public, confidential, or proprietary information of a commercially sensitive nature, the disclosure of which would cause harm to the commercial interests of the disclosing party.  Information so designated may be viewed by only Outside Counsel of Record and In-House Counsel, subject to the restrictions set forth herein.

-4-

10.   <u>In-House Counsel</u>:  Attorneys who are employees of a Party to this Action or a parent entity of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

12.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

13.   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

14.   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

15.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

17.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**IV.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.   DESIGNATING PROTECTED MATERIAL**

1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section V.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated. It is the duty of the Designating Party to give notice of the confidentiality designation pursuant to this Order, which must be done, wherever possible, before the material is disclosed or produced. The duty of the Receiving Party and of all other persons bound by this Order to maintain the

-6-

confidentiality of the Protected Material shall commence with receipt of the designation. Designation in conformity with this Order requires:

a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

-7-

b) For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party provide written notice and identification of the specific pages of the transcript (and any exhibits thereto) that are EXPORT-CONTROLLED INFORMATION, CONFIDENTIAL or HIGHLY CONFIDENTIAL, within twenty-one (21) days of receiving the final transcript. A confidentiality designation may also be made at the time of the deposition or other proceeding by indicating on the record before the close of the deposition or other proceeding. Unless the Parties agree otherwise, until the expiration of the twenty-one (21) day period during which such designations may be made, the entire transcript will be treated as though it is subject to protection as HIGHLY CONFIDENTIAL material under the terms of this Order. At the expiration of that twenty-one (21) day period, any portions of the transcript not designated as EXPORT-CONTROLLED INFORMATION, CONFIDENTIAL or HIGHLY CONFIDENTIAL will cease to be treated as HIGHLY CONFIDENTIAL. A Party thereafter seeking to assert inadvertent failure to designate under Section V.3 shall have the burden of showing good cause for their failure to designate the testimony previously. During the pendency of any such subsequent designation or motion, the testimony that is the subject of the designation shall be treated as though the designation was timely asserted.

c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information

-8-

warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

3.  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any correction to a designation and notice of that correction shall be made in writing, accompanied by substitute copies of each item of Protected Material, properly marked as EXPORT-CONTROLLED INFORMATION, CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with Section V.2 of this Order. A Receiving Party may challenge a late designation in accordance with Section VI of this Order. Until such challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as EXPORT-CONTROLLED INFORMATION, CONFIDENTIAL or HIGHLY CONFIDENTIAL, in accordance with the corrected designation. If no challenge is made to a late designation, then within twenty-one (21) days of receipt of the corrected or substituted copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

2.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

3.  <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to

afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Every person to whom Protected Material is to be disclosed, summarized, described or otherwise communicated in whole or in part, shall first be advised that the Protected Material is being disclosed pursuant and subject to the terms of this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document repository with adequate security and access limited to persons authorized under this Order that complies with the paragraphs in this Section, shall be deemed a secure location.

2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

-10-

c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) The Court and its personnel;

e) Court reporters and their staff;

f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, or which have otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

With respect to EXPORT-CONTROLLED INFORMATION, the persons in categories (a)-(i) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

-11-

3.    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" to only:

a)    The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

b)    The Receiving Party's In-House Counsel who (1) has supervisory responsibility for this litigation; (2) has no involvement in competitive decision-making; (3) to whom disclosure is reasonably necessary for this litigation; (4) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

   i.    The In-House Counsel for a Receiving Party may not:

      1.    Discuss or disclose the contents of the "Highly Confidential" materials with or to other employees or third parties; and/or

      2.    Use the "Highly Confidential" materials for any purpose other than in connection with the prosecution or defense of the lawsuit.

c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

d)    The Court and its personnel;

e)    Court reporters and their staff;

f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and

-12-

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material, or which have otherwise been designated as Protected Material, must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

With respect to EXPORT-CONTROLLED INFORMATION, the persons in categories (a)-(i) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

4.    Handling of "EXPORT-CONTROLLED INFORMATION" or Items.

4.1.    Disclosure of "EXPORT-CONTROLLED INFORMATION" or Items.  The Parties have a responsibility to ensure that EXPORT-CONTROLLED INFORMATION in their possession, custody or control is used in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*  To prevent unauthorized use of EXPORT-CONTROLLED INFORMATION, the parties agree to follow the procedure outlined in this paragraph.

a)    EXPORT-CONTROLLED INFORMATION disclosed in this action will be used only for the purposes of this action.

b)      Counsel or another individuals authorized to received EXPORT-CONTROLLED INFORMATION will not disclose, export, or transfer, in any manner, EXPORT-CONTROLLED INFORMATION to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

c)      The Parties will file under seal all documents that contain EXPORT-CONTROLLED INFORMATION.

4.2.    Access to EXPORT-CONTROLLED INFORMATION or Items. The Parties and the Court have a responsibility to ensure that access to EXPORT-CONTROLLED INFORMATION in their possession, custody or control is restricted to authorized persons in accordance with the EAR, 15 C.F.R. §§ 730, *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.* To prevent unauthorized access of EXPORT-CONTROLLED INFORMATION, the Parties agree to follow the procedure outlined in this paragraph.

a)      All hardcopy documents containing EXPORT-CONTROLLED INFORMATION shall be placed in a secure file or room or transported in a secure container with access limited to those persons identified in Section VII, paragraphs 2 and 3 of this Protective Order who are U.S. Persons.

b)      If documents containing EXPORT-CONTROLLED INFORMATION are electronic files, access to such electronic files shall be limited to those persons identified in Section VII, paragraphs 2 and 3 of this Protective Order who are U.S. Persons.

c)      In the event that counsel or another individual authorized to receive EXPORT-CONTROLLED INFORMATION anticipates that EXPORT-CONTROLLED INFORMATION will be disclosed to the Court, including at any

hearing or at trial, the Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

    a)     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

    c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.      The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "EXPORT-CONTROLLED INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

   a)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

   b)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   c)    Make the information requested available for inspection by the Non-Party, if requested.

3.      If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

-16-

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

   a)   Notify in writing the Designating Party of the unauthorized disclosures;

   b)   Use its best efforts to retrieve all unauthorized copies of the Protected Material;

   c)   Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and d) Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## XII. MISCELLANEOUS

1.      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

2.      Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

-17-

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

       3.   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**XIII. FINAL DISPOSITION**

       After the final disposition of this Action, as defined in Section IV, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV.

-18-

# XIV. ENFORCEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED July 30, 2019

*/s/ Matthew D. Umhofer*

SPERTUS, LANDES & UMHOFER, LLP
Matthew D. Umhofer (SBN 206607)
Elizabeth Mitchell (SBN 251139)
1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
mumhofer@spertuslaw.com
emitchell@spertuslaw.com

WILLIAMS & CONNOLLY LLP
Bruce R. Genderson (*pro hac vice*)
Thomas H.L. Selby (*pro hac vice*)
Daniel P. Shanahan (*pro hac vice*)
Joseph Q. Wood (*pro hac vice*)
William B. Snyderwine (*pro hac vice*)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
bgenderson@wc.com
tselby@wc.com
dshanahan@wc.com
jwood@wc.com
wsnyderwine@wc.com

*Attorneys for SPS Technologies, LLC*

DATED:  July 30, 2019

*/s/ Nima Hefazi*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Duane R. Lyons (Bar No. 125091)
Christopher A. Mathews (Bar No. 144021)
Tigran Guledjian (Bar No. 207613)
Nima Hefazi (Bar No. 272816)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
duanelyons@quinnemanuel.com
chrismathews@quinnemanuel.com
tigranguledjian@quinnemanuel.com
nimahefazi@quinnemanuel.com

*Attorneys for Briles Aerospace, Inc.*
*and Michael Briles*


DATED:  July 30, 2019

*/s/ Alyssa M. Caridis*

ORRICK, HERRINGTON & SUTCLIFFE, LLP
William A. Molinski (SBN 145186)
Alyssa M. Caridis (SBN 260103)
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499
wmolinski@orrick.com
acaridis@orrick.com

*Attorneys for Robert Briles*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 1, 2019

_____/ s /_____
Honorable Alka Sagar
United States Magistrate Judge

-20-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that the following is true and correct:

1.  I am employed as _____ by _____.

2.  I have read the foregoing Stipulated Protective Order ("Order") in the case of *SPS Technologies, LLC v. Briles Aerospace, Inc.*, Case No. 2:18-cv-09536-MWF (ASx) (C.D. Cal.), and have received a copy of it.

3.  I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and to damages to the Designating Party.

4.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

5.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

6.  I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____