QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Duane R. Lyons (Bar No. 125091)
  duanelyons@quinnemanuel.com
  Christopher A. Mathews (Bar No. 144021)
  chrismathews@quinnemanuel.com
  Tigran Guledjian (Bar No. 207613)
  tigranguledjian@quinnemanuel.com
  Patrick T. Schmidt (Bar No. 274777)
  patrickschmidt@quinnemanuel.com
  Richard H. Doss (Bar No. 204078)
  richarddoss@quinnemanuel.com
  Nima Hefazi (Bar No. 272816)
  nimahefazi@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendants Briles
Aerospace, Inc. and Michael Briles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPS TECHNOLOGIES, LLC d/b/a PB FASTENERS, <br><br> Plaintiff, <br><br> vs. <br><br> BRILES AEROSPACE, INC., MICHAEL BRILES, and ROBERT BRILES, <br><br> Defendant. | CASE NO. 2:18-cv-09536-MWF-AS <br><br> **DISCOVERY MATTER** <br><br> **BRILES AEROSPACE'S SUPPLEMENTAL MEMORANDUM RE: DISCOVERY DISPUTE AS TO WAIVER OF PRIVILEGE WITH RESPECT TO CERTAIN PLAINTIFF'S DOCUMENTS** <br><br> **Discovery Cutoff**: TBA <br> **Pretrial Conference:** TBA <br> **Trial Date**: TBA <br><br> **Hearing Date**: February 13, 2020 <br> **Hearing Time**: 10:00 a.m. <br> **Before**: Hon. Alka Sagar <br><br> **Location**: 255 E. Temple St., <br> Los Angeles, CA, 90012, <br> Courtroom 540. 5th Floor |

1  Briles Aerospace hereby submits this supplemental memorandum pursuant to the
2  Court's Order Directing Further Briefing Re Discovery Dispute (Dkt. 404).

3  ***The Joint Defense Privilege In Not Applicable To The Produced Documents***

4  Plaintiff's submission of Sara Gray's declaration, and other privileged
5  information (Exs. C and D) as well, provide two separate basis for finding that Plaintiff
6  waived the attorney client privilege. As set forth previously, Plaintiff waived the
7  privilege by disclosing confidential information in the Gray declaration that counsel
8  could only have received from her client. Plaintiff's voluntary disclosure of privileged
9  information (Exs. C and D) provide a wholly independent basis for a finding of waiver
10  because neither Counsel's Notes (Ex. C), nor the Issues Outline (Ex. D), were joint
11  defense materials that Plaintiff was required to disclose to Briles Aerospace, a third
12  party who was never part of Plaintiff's purported joint defense agreement.

13  The common interest or joint defense doctrine is "an exception to the general rule
14  that disclosure of protected material to third parties constitutes waiver," designed to
15  allow communication among attorneys representing different clients pursuing a
16  common legal strategy. *Regents of Univ. of California v. Affymetrix, Inc.*, 326 F.R.D.
17  275, 279 (S.D. Cal. 2018) citing *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575,
18  578 (N.D. Cal. 2007). "The common interest exception applies when '(1) the
19  communication is made by separate parties in the course of a matter of common
20  interest; (2) the communication is designed to further that effort; and (3) the privilege
21  has not been waived." *Id.* Additionally, "the parties must make the communication in
22  pursuit of a joint strategy in accordance with some form of agreement—whether written
23  or unwritten," "such an agreement must be founded on 'a common legal, as opposed to
24  commercial, interest' and "the communications at issue must be 'designed to further
25  that legal effort." *Id.*

26  Plaintiff has failed to demonstrate the above elements. As an initial matter,
27  Plaintiff has not produced *any* joint defense agreement, nor identified the *terms* of any
28  such agreement. Rather, Plaintiff submitted an additional declaration where Ms. Gray

BRILES  AEROSPACE'S SUPP. MEMO RE:
DISCOVERY DISPUTE  AS TO  WAIVER

states that seven documents were "maintained in a 'Joint Defense Materials' file," that "contained documents for the joint defense effort." Dkt. 391 ("Jt. Stip.") Ex. F ¶¶ 4-6. Without identifying the author or recipient of any document, Plaintiff proclaims that a joint defense agreement involving PCC, Plaintiff, PRB, Robert Briles, and their respective counsel, protected this information from disclosure. Plaintiff then asserts that its production of these documents years later to Briles Aerospace (a third party who was not a member of any such joint defense agreement) was somehow required and is not evidence of any waiver. The documents themselves belie any such assertion.

Of course, *where* these documents were *kept* is irrelevant. What is relevant is whether these documents were ever disclosed amongst the joint defense group, or to third parties. "[T]o qualify for and to maintain continued protection, the communication must be shared between counsel." *Pensacola Firefighter's Relief Pension Fund, v. Merrill Lynch*, 2011 WL 3512180 *6 (N.D. Fla. July 7, 2011) quoting *Robert Bosch LLC v. Pylon Mfg. Corp.*, 263 F.R.D. 142 (D. Del., 2009)("Recognizing that the common interest privilege operates in derivation of disclosure, the attorney-sharing requirement prevents abuse, such as, post hoc justification for a client's impermissible disclosures."). More importantly, the first four documents in the file (tabs 1-4) can hardly be considered joint defense material (Jt. Stip. Ex. F ¶ 5, Ex. 1), as they include correspondence *from the Federal Trade Commission* to PCC and Robert Briles as well as their responses back to the FTC.[1] Moreover, the Issues Outline (Ex. D, tab 5) is endorsed "Privileged and Confidential: Attorney Client Communication" and "Protected Attorney Work Product," and the footer is marked "DRAFT" along with a date and time, demonstrating that this document was not intended to be shared, nor was it ever shared, outside of PCC's counsel and their direct client. Significantly, Ms. Gray does not state that the Issues Outline was ever shared outside of PCC.

---

[1] Plaintiffs have not explained how the companies' communications with the FTC, listed as included in Plaintiff's purported "'Joint Defense Materials' file" (Jt. Stip., p. 31), could possibly be privileged joint defense material.

BRILES AEROSPACE'S SUPP. MEMO RE:
DISCOVERY DISPUTE AS TO WAIVER

The only documents that are actually labeled as joint defense documents are Counsel's Notes (Ex. C, tab 7), and a one page chart of SPS and PB Fasteners sales of SLEEVbolts during 2009-2011 (tab 6). *Id.* Again, Plaintiff does not state that either document was shared within the joint defense group during their existence. Instead, Plaintiff claims that it was obligated to disclose these documents in response to Briles Aerospace's discovery requests because former joint defense group member *Rob Briles* was now adverse to Plaintiff in subsequent litigation. Jt. Stip., p. 32. This is the wrong analysis. As a member of the joint defense group, Rob Briles always had access to joint defense materials; however, the disintegration of privilege as to former members of the joint defense group does not mean that privilege as to third party non-joint defense members is also disintegrated. *See e.g.*, *Regents*, 326 F.R.D. at 279-282. Regardless of any obligation to produce joint defense materials to Rob Briles, Plaintiff was under no obligation to share formerly joint defense materials with third party *Briles Aerospace* who was never a party to the claimed Joint Defense Agreement. Plaintiff's claim that it was forced to do so because Rob Briles, Briles Aerospace, and Mike Briles were represented by the same counsel at the time of the disclosure is specious. Plaintiff did not indicate when it produced these documents on January 4, 2019 that it was disclosing joint defense materials that Briles Aerospace and Mike Briles should not have access to.[2] Additionally, one month later, on February 8, 2019, Briles Aerospace and Mike Briles notified Plaintiff that they were now represented by new, and separate, counsel. *See* Dkt. 97, 99. Accordingly, Plaintiff could have simply requested that the materials be returned from counsel for Briles Aerospace and Mike Briles.

Here, Plaintiff made a strategic decision to disclose Counsel's Notes to a third party so that it could argue the Rob Briles made admissions regarding the existence of trade secrets. Plaintiff has not met its burden to show that the joint defense exception to the general rule that disclosure to third parties constitutes waiver applies here.

---

[2] Significantly, Plaintiff did not even produce the one page table of contents.

BRILES  AEROSPACE'S SUPP. MEMO RE:
DISCOVERY DISPUTE  AS TO  WAIVER

***<u>Defendants Seek Information Highly Relevant To Multiple Asserted Defenses</u>***

Plaintiff, in its Second Amended Complaint, asserts that "[t]his case arises from the wrongful acts of the Defendants pertaining to that SLEEVbolt® system, which have resulted in trade secret misappropriation, … [and] intentional interference with contractual and prospective business relations…." Dkt. 231 ¶ 1. Plaintiff also alleges that "[i]n 2011, Plaintiff SPS Technologies, LLC purchased the assets of Paul R. Briles d/b/a PB Fasteners, which included the proprietary information and trade secrets necessary to make the SLEEVbolt®." *Id.* at ¶ 8. Accordingly, whether the purchased assets included trade secrets, what those trade secrets were, and what the parties to the Asset Purchase Agreement ("APA") understood regarding those trade secrets, is central to Plaintiff's causes of action for trade secret misappropriation, and intentional interference with contractual and prospective business relations. *See id.* ¶¶ 71, 142, 146, 151, and 154. Facts relevant to Briles Aerospace's defenses relating to the alleged misappropriation of trade secrets are the non-existence of the alleged trade secrets; that such trade secrets, if they did exist, were not transferred via the APA; what the parties to the APA understood was the scope of any such trade secrets; and whether those trade secrets are the same as the technologies that Plaintiff now alleges Briles Aerospace misappropriated. *See e.g.,* Dkt. 357, ¶¶ 2-4 (Briles Aerospace's second, third, and fourth Affirmative Defenses in Answer to SAC). Simply stated, if there were no trade secrets at all; or if no trade secrets were transferred via the APA; or if the transferred trade secrets do not match the technology that Plaintiff now claims was misappropriated, then Plaintiff's causes of action fail.

The information Defendants seek in the motion to compel is highly relevant to Briles Aerospace's defenses, and Plaintiff's deliberate submission of the Gray declaration and other privileged documents (Exs. C & D) put at issue her belief and understanding that PCC and Robert Briles "understood that the purchase price reflected and was driven by, the value of the SLEEVbolt product and the trade secrets necessary to make it." Gray Decl. ¶¶ 11-14. Ms. Gray also attributes statements as being made by

BRILES AEROSPACE'S SUPP. MEMO RE:
DISCOVERY DISPUTE AS TO WAIVER

1    Rob Briles, a member of the purported Joint Defense Agreement, regarding licensed

2    trade secrets. *Id*. ¶ 6. Counsel's Notes, however, do not attribute that statement as being

3    made by Rob Briles.  *See* Jt. Stip. Ex. C ¶ 44(f) ("Technology licensed by PCC is trade

4    secrets, know-how and technical information….") versus ¶ 44(e) ("Rob confirmed there

5    is no current patent on the sleevbolts.").

6          The documents Defendants seek—namely, documents identified in SPS's Second

7    Amended Privilege Log that include Sara Gray and/or Stoel Rives as an author or

8    addressee and concern the waived subject matter (*i.e.*, the APA, licensing of trade

9    secrets, know-how, and technical information related to the SLEEVbolt product, and

10   dealings with the FTC)—would be highly relevant to the issues of ownership, transfer,

11   and scope of the alleged trade secrets, and what the parties understood regarding such

12   issues. For example, the documents would show discussions about whether Plaintiff's

13   predecessor-in-interest Paul R. Briles, Inc. had failed to protect its trade secrets,

14   supporting Defendants' defenses against misappropriation. Likewise, an absence of any

15   discussions regarding trade secrets would contradict Sara Gray's testimony that "[t]he

16   main reason PCC purchased the assets of Paul R. Briles, Inc. was to acquire the

17   SLEEVbolt product…including the trade secrets necessary to manufacture it." Ex. B

18   ¶ 11. Defendants cannot test the veracity of this representation unless Plaintiff produces

19   all of Ms. Gray's communications with PCC on this topic. Fairness dictates that

20   Plaintiff not be allowed to hide behind its claim of privilege while making selective

21   disclosures that disadvantage Defendants. Instead, Plaintiff should produce the

22   challenged documents to give Defendants the chance to shed light on the credibility of

23   all of the statements made in Ms. Gray's declaration and other privileged documents.

24                                    ***Conclusion***

25          For the above reasons, and those in Briles's Motion to Compel (Dkt.  390), the

26   Joint Stipulation (Dkt. 391), and Briles' Supplemental Brief (Dkt. 401), the Court

27   should order Plaintiff to produce the documents identified on SPS's Second Revised

28   Privilege Log specifically identified in footnote 1 on page 2 of the Jt. Stip.

BRILES  AEROSPACE'S SUPP. MEMO RE:
DISCOVERY DISPUTE  AS TO  WAIVER

1 | Dated: January 28, 2019

2

/s/   Richard H. Doss
QUINN EMANUEL URQUHART &
3 | SULLIVAN, LLP
Duane R. Lyons (Bar No. 125091)
4 | duanelyons@quinnemanuel.com
Christopher A. Mathews (Bar No. 144021)
5 | chrismathews@quinnemanuel.com
Tigran Guledjian (Bar No. 207613)
6 | tigranguledjian@quinnemanuel.com
Patrick T. Schmidt (Bar No. 274777)
7 | patrickschmidt@quinnemanuel.com
Richard H. Doss (Bar No. 204078)
8 | richarddoss@quinnemanuel.com
Nima Hefazi (Bar No. 272816)
9 | nimahefazi@quinnemanuel.com
865 South Figueroa Street, 10th Floor
10 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
11 | Facsimile: (213) 443-3100

12 | *Attorneys for Defendants Briles Aerospace,
Inc. and Michael Briles*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6