UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings (In Chambers):** **Order GRANTING Plaintiff's Motion to Compel Discovery (Docket Entry Nos. 456, 458, 460, 462, 464, 465, 467)**

On June 12, 2020, the parties filed a joint stipulation ("Joint Stip.") regarding Plaintiff's Motion to Compel Discovery From Defendant Briles Aerospace, Inc. ("Motion"). (Dkt. Nos. 456, 458, 464). On June 15 and 23, 2020, the parties filed supplemental memoranda in support of their positions. (Dkt. Nos. 460, 462, 465, 467).[1] The Court finds this discovery dispute appropriate for resolution without a hearing. For the reasons discussed below, the Motion to Compel is **GRANTED**.

**A. Background**

On November 9, 2018, Plaintiff initiated this lawsuit, asserting claims for, *inter alia*, trade secret misappropriation, trademark infringement, and unfair competition. (Dkt. No. 1). On August 27, 2019, Plaintiff filed its Second Amended Complaint ("SAC"), which *inter alia* added claims against Defendant Space-Lok, Inc. for trade secret misappropriation. (Dkt. No. 231). On October 30, 2019, the Court denied Defendants' motions to dismiss portions of the Second Amended Complaint. (Dkt. No. 344).

---

[1] Having read and considered Plaintiff's applications to file under seal certain portions of the Joint Stipulation and supporting memoranda and exhibits (Dkt. Nos. 457, 461, 463) and for good cause and compelling reasons shown, the Court **ORDERS** that the following documents shall be filed under seal: redacted portions of the Joint Stipulation and Plaintiff's supplemental memorandum along with Exhibits E, F, K, L, M, N. R, S, and Y to the Joint Stipulation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

This case arises from the alleged misappropriation of Plaintiff's trade secrets related to its SLEEVbolt®, an advanced-concept fastening system with critical applications in commercial and military aircraft. (Joint Stip. at 2; SAC at ¶ 1). The primary consumer of the SLEEVbolt® system is The Boeing Company, which has been Plaintiff's customer for more than 40 years. (SAC at ¶ 7). Defendant Briles Aerospace was founded by Defendant Michael Briles, who is a former employee of Plaintiff. (Joint Stip. at 2). After leaving Plaintiff, Briles worked for Space-Lok before founding his own company. (*Id.*). At Space-Lok, Briles worked with Kurt Thompson, who later left Space-Lok to rejoin Briles at Briles Aerospace. (*Id.* at 3).

**B.     Motion to Compel**

On February 27, 2020, Plaintiff served Briles Aerospace with its Third Requests for Production of Documents (Nos. 51–61) ("Requests"). (Joint Stip., Ex. C). At Briles Aerospace's request, Plaintiff then proposed a set of custodians and search terms to use in identifying responsive information. (*Id.* Ex. O). In response, Defendant has refused to produce any documents and has instead raised a number of objections. (Joint Stip. at 7–18).

    **1.     Timeliness Objection**

Defendant contends that the Requests seeks documents created after written discovery as to Briles Aerospace was closed. (Joint Stip. at 30–32). But on May 22, 2020, the Court extended the fact discovery cutoff until October 1, 2020. (Dkt. No. 455). Further, while Defendants in their portion of the Joint Rule 26(f) Report argued that "written discovery between the Briles Defendants and Plaintiff is complete" (Dkt. No. 453 at 22, 24), the Court's Scheduling Order does not carve out any exception to the fact discovery cutoff date. (Dkt. No. 455). Nevertheless, Defendant argues that prior to Plaintiff filing its Second Amended Complaint, the parties agreed that absent "good cause," they had "substantially completed their productions" and "never intended to re-open written discovery as to each other." (Joint Stip. at 30–31).

Even assuming that the parties' understanding would trump the Court's discovery deadline—which the Court is not ruling—Plaintiff has demonstrated "good cause" for pursuing the information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

sought in the Requests. It was not until early June 2019, just prior to the original discovery cutoff date, that Plaintiff first learned that additional manufacturers had misappropriated its trade secrets and that Kurt Thompson had left Space-Lok to join Briles Aerospace. (Joint Stip. at 18–20 & Exs. E at 2, G at 6–7). "Importantly, Briles Aerospace's prior productions would not capture these categories of documents because Briles Aerospace performed its collection in December 2018, months before Kurt Thompson joined Briles Aerospace or the relevant communications occurred, and thus before most of the requested documents even existed."[2] (Joint Stip. at 20).

Defendant's timeliness objection is **OVERRULED**.

### 2. Overly Broad and Unduly Burdensome Objection

Defendant vaguely contends that each Request is overly broad and unduly burdensome. (Joint Stip. at 7–18). However, "boilerplate objections do *not* suffice and there is no ground upon which to reasonably argue otherwise." *Marti v. Baires*, No. 08-CV-00653, 2012 WL 2029720, at *5 (E.D. Cal. June 5, 2012) (emphasis in original); *see* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection . . . will be permitted as requested or state with *specificity* the grounds for objecting to the request, including the reasons.") (emphasis added); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and *specific* enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable") (emphasis added). Moreover, Defendant has not met its burden "to demonstrate that production of nonprivileged, responsive documents during this period would be disproportionately burdensome." *City of Seattle v. ZyLAB N. Am., LLC*, No. C17-0790, 2017 WL 4418636, at *3 (W.D. Wash. Oct. 5, 2017); *see N. Am. Co. for Life & Health Ins. v. Philpot*, No. 08 CV 270, 2009 WL 10672468, at *4 & n.2 (S.D. Cal. June 1, 2009) (overruling party's discovery objections because it did not quantify its asserted burden to producing the requested information). "It is well-established that the burden is on the objecting party to show grounds for failing to provide the requested discovery." *Baykeeper v. Kramer Metals, Inc.*, No. CV 07-3849,

---

[2] Defendant contends that it collected ESI through April 2019, the same month that Thompson joined Briles Aerospace. (Joint Stip. at 6 n.1; Def. Supp. Mem. at 1). Nevertheless, this was prior to Plaintiff first *learning* that Thompson had left Space-Lok to join Briles Aerospace and prior to Plaintiff filing its Second Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

2009 WL 10671577, at *7 (C.D. Cal. Feb. 27, 2009); *see Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007); *Sullivan v. Prudential Ins. Co.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005). Defendant cannot simply invoke generalized objections without describing, *in specific detail*, how each Request is overly broad and unduly burdensome by submitting affidavits or other evidence describing the nature of the burden. *See Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296–97 (E.D. Pa. 1980) (The responding party "must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). Here, Defendant has neither explained how each Request is overly broad or unduly burdensome nor provided any evidence describing the nature of the burden. Indeed, Defendant merely asserts—without *any* support—that the additional burden to Briles Aerospace of running the additional ESI search terms is "unreasonable." (Def. Supp. Mem. at 4).

Defendant's overly broad and unduly burdensome objection is **OVERRULED**.

### 3. Duplicative Objection

Defendant contends that some of the requested information is in the possession of Space-Lok and should be sought from it. (Joint Stip. at 34; Def. Supp. Mem. at 4–5). This is not a valid objection. Defendant must produce all information in its "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), regardless of whether it is duplicative of a separate request to Space-Lok. Indeed, if information is in the possession of both Briles Aerospace and Space-Lok, it would be relevant to whether they shared or misappropriated Plaintiff's trade secrets. Defendant's duplicative objection is **OVERRULED**.

### 4. Relevance

Finally, Defendant contends that the Requests are irrelevant and not proportional to the needs of the case. (Joint Stip. at 34–38). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not be admissible in evidence to be discoverable." *Id.* Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); *see Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. CV 16-8962, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

Request Nos. 51, 52, and 55 seek documents related to Briles Aerospace's employment of Kurt Thompson, including communications between Briles Aerospace and Thompson regarding his potential employment, contracts between Briles Aerospace and Thompson, documents discussing Thompson's job responsibilities and titles, and documents received from or provided to Thompson relating to tapered sleeve bolts before his employment by Briles Aerospace. (Joint Stip. at 7–8, 11). These documents are relevant to whether Briles Aerospace acquired, disclosed or used Plaintiff's trade secrets through improper means, including Thompson's use of Plaintiff's trade secrets while he was still at Space-Lok and his anticipated use of them at Briles Aerospace. Defendant contends that "there is no basis to require Briles Aerospace to undergo the burden of collecting ESI after Thompson left Space-Lok to work at Briles Aerospace for the purpose of discovering evidence relating to alleged misappropriation by Space-Lok years earlier." (Joint Stip. at 34–35). To the contrary, as discussed above, any Space-Lok documents in Briles Aerospace's possession are relevant *because* they are in Briles Aerospace's possession.

Request Nos. 53, 54, 56, and 57 seek communications between Thompson and Briles Aerospace, or other persons or entities, relating to tapered sleeve bolts. (Joint Stip. at 9–10, 12–13). This information is relevant to Thompson's role in the alleged misappropriation of Plaintiff's trade secrets by Briles Aerospace or Space-Lok. Defendant contends that "Thompson did not join Briles Aerospace until 2019,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

long after the misappropriation and long after this litigation began." (Joint Stip. at 35). Thus, Defendant argues that Plaintiff "makes no effort to identify any new 'use' of its trade secrets that would warrant a further collection of ESI." (Def. Supp. Mem. at 3). To the contrary, while the improper acquisition of Plaintiff's trade secrets is alleged to have taken place in 2016, Plaintiff alleges that the improper use and disclosure of its trade secrets is ongoing. (*See* SAC ¶¶ 10, 13, 16, 147). Further, because Thompson worked with Michael Briles at Space-Lok prior to Thompson rejoining Briles at Briles Aerospace, Thompson is a key witness to the improper acquisition, disclosure, and *ongoing* use of Plaintiff's trade secrets at *both* Space-Lok and Briles Aerospace.

Request No. 58 seeks documents used, authored, or otherwise created at Space-Lok that are in Briles Aerospace's possession, custody or control. (Joint Stip. at 14). Request Nos. 59–61 seek communications between Briles Aerospace and Space-Lok, Lisi Aerospace or Montgomery Machine. (Joint Stip. at 15–17). These Requests are directly relevant to the misappropriation and harm caused by Briles Aerospace or Space-Lok.

Defendant's relevancy objections are **OVERRULED**.

### 5.  ESI Search

Plaintiff proposed a set of custodians and search terms to use in identifying documents responsive to Requests 51–61. (Joint Stip. Ex. O). Plaintiff's proposal includes three components: (1) custodians and terms for use with Briles Aerospace's prior ESI collection; (2) custodians and terms for use with a new ESI collection; and (3) a targeted collection of non-ESI documents. (Joint Stip. at 28). Defendant declined, instead offering to run additional search terms against the ESI it has already collected. (Joint Stip. at 33). However, as discussed above, many responsive documents did not exist when Defendant performed its prior ESI collection. The Court finds that Plaintiff's proposal is reasonable and proportional to the needs of the litigation. While Defendant contends that Plaintiff's proposed ESI search "would result in the production of nearly every email Mr. Thompson generated or received since joining [Briles Aerospace]" (Def. Supp. Mem. at 3), Defendant does not propose search terms that would better screen out irrelevant information. Nevertheless, Plaintiff shall consider in good faith any proposals by Defendant to limit the additional ESI search.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 18-9536 MWF (ASx) | Date | June 25, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

### C.     Conclusion

Plaintiff's Motion to Compel Discovery From Defendant Briles Aerospace, Inc. [456] is **GRANTED**. Defendant shall search for and produce the information responsive to Requests 51–61. Plaintiff's Applications to file under seal certain portions of the Joint Stipulation and supporting memoranda and exhibits [457, 461] are **GRANTED**. The following documents shall be filed under seal: the redacted portions of the Joint Stipulation Regarding Plaintiff's Motion to Compel Discovery From Defendant Briles Aerospace and the Supplemental Memorandum in Support of Motion to Compel Discovery From Defendant Briles Aerospace; and the entire portions of Exhibits E, F, K, L, M, N, R, S, and Y to the Joint Stipulation. The hearing set for July 7, 2020, is **VACATED** and taken off calendar.

The parties may avail themselves of the Court's informal discovery dispute resolution process to resolve any remaining discovery issues. (See Judge Sagar's Procedures).

IT IS SO ORDERED.

cc:     Michael W. Fitzgerald
        United States District Judge

                                                    0   :   00
                                 Initials of Preparer   AF