# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPS TECHNOLOGIES, LLC d/b/a/ PB FASTENERS,<br><br>Plaintiff,<br><br>v.<br><br>BRILES AEROSPACE, INC., et al.,<br><br>Defendants. | **DISCOVERY MATTER**<br><br>Case No. 2:18-cv-09536-MWF-AS<br><br>**DECLARATION OF SARA GRAY IN SUPPORT OF PLAINTIFF'S POSITION IN THE JOINT STIPULATION CONCERNING DEFENDANTS' MOTION TO COMPEL DOCUMENTS WITHHELD ON THE BASIS OF PRIVILEGE AND WORK PRODUCT** |

I, Sara Gray, hereby declare as follows:

1. I am currently Senior Corporate Counsel at Precision Castparts Corp. ("PCC"). PCC is the parent corporation of Plaintiff SPS Technologies, LLC ("Plaintiff"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2. I prepared some of the attorney notes on Plaintiff's Third Revised Privilege Log. Notes prepared by other attorneys at Stoel Rives are also on Plaintiff's Third Revised Privilege Log. All of the attorney notes on Plaintiff's Third Revised Privilege Log were prepared during Stoel Rives' representation of PCC and SPS Technologies, LLC in the Federal Trade Commission ("FTC") proceedings related to SPS Technologies, LLC's acquisition of the assets of Paul R. Briles, Inc. At the time the attorney notes were prepared, Stoel Rives attorneys understood that our clients could end up in litigation with the FTC.

3. The attorney notes on Plaintiff's Third Revised Privilege Log contain attorneys' mental impressions and opinions, including reactions to statements made during meetings, understandings of the relationship between certain facts, and evaluations of the relative significance of the facts.

4. The attorney notes identified at Entry Nos. 1194, 1196, and 1203 of Plaintiff's Third Revised Privilege Log contain confidential communications between attorneys at Stoel Rives and employees and in-house counsel at PCC and SPS Technologies, LLC for the purpose of providing legal advice. They do not document the teleconferences with the FTC on June 7 or 8, 2011. These confidential communications were not intended for the joint defense group or the FTC.

5. The attorney notes on Plaintiff's Third Revised Privilege Log were maintained in files separate from the materials shared with the joint defense group or the FTC. These attorney notes were not shared with members of joint defense group or the FTC. These attorney notes were not intended for the joint defense group.

6. Entry Nos. 1212, 1215 and 1264 on Plaintiff's Third Revised Privilege Log contain emails I sent to Jeff Caplan and outside and in-house counsel in my role as outside counsel for the FTC proceedings. The emails were confidential and sent for the purpose of obtaining and providing legal advice in the FTC Proceedings.

7. Entry Nos. 1183, 1241–1263, 1265–68, and 1289–1292 on Plaintiff's Third Revised Privilege Log contain emails that Jeff Caplan sent to me at my request to assist me as outside counsel for the FTC proceedings. These emails were confidential and sent for the purpose of obtaining and providing legal advice in the FTC Proceedings.

8. Several of the emails on Plaintiff's Third Revised Privilege Log contain attorney impressions or opinions, including reactions to certain information, understanding of the relationship between certain facts, and evaluations of the relative significance of certain facts.

9. Entry Nos. 1183, 1212, 1241–1268, 1289–1292 on Plaintiff's Third Revised Privilege Log are dated June 30, July 1, or July 2. These emails were not incorporated into the FTC Outline or the Outline of Facts. I have no reason to believe that these emails were shared with the joint defense group or the FTC. Entry No. 1215 was not incorporated into the FTC Outline or the Outline of Facts. I have no reason to believe Entry No. 1215 email was shared with the joint defense group or the FTC.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed in Portland, Oregon on October 30, 2020.

*Sara Gray*

Sara Gray