# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | AT&T 11/24/2020 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants Briles Aerospace and Michael Briles: |
| Joseph Wood, Edward Reddington, Miranda Peterson, Matthew Umhofer, Elizabeth Mitchell | Duane Lyons, Alexee Conroy,[1] Lance Strumpf |
| | Attorneys Present for Defendant Space-Lok Inc: |
| | Lesley Holmes, Brett Govett |

Proceedings :   **REDACTED[2] Order   GRANTING-IN-PART Defendants' Motion To Compel Production of Documents Withheld On The Basis of Privilege and Work Product  (Dkt. Nos.  597, 599, 601, 603, 607-08)**

On November 2, 2020, the parties filed a joint stipulation ("Joint Stip.") regarding Defendants' motion to compel production of documents withheld on the basis of privilege and work product. (Dkt. No. 597).  On  November 10, 2020,  Defendants filed a supplemental memorandum in Support of their Motion  ("Supp, Mem.").   (Dkt. No. 601).[3]  A telephonic

---

[1]  Ms. Conroy is directed to file an appearance on the docket of this case.

[2]  The Court concurrently files REDACTED and UNREDACTED Orders consistent with its Orders granting Defendants' applications to file portions of  its motion and certain exhibits under seal.  The Unredacted Order will be filed under seal.

[3]  On November 17, 2020, the Court granted Defendants' applications to file portions of the Joint Stipulation  and Supplemental Memorandum and Exhibits C, D, F, G, and I through L to the Joint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|-----|----------------------|------|-------------------|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

hearing was held on November 24, 2020. The Court, having reviewed the joint stipulation, attached declarations, exhibits, and the Supplemental Memorandum, and carefully considered the arguments presented at the hearing, **GRANTS-IN-PART** Defendants' Motion to Compel.

**A. Background**

The Court's February 18, 2020 Order Denying Defendants' motion to compel sets forth the general background of this case and history relating to the issues in the current motion. See Dkt. No. 416. On February 18, 2020, the Court found, *inter alia*, that Plaintiff's production of documents entitled the FTC Outline and Outline of Facts ("FTC Outlines"), prepared for the purpose of providing information to the Federal Trade Commission ("FTC"), did not amount to a subject matter waiver of any and all communications relating to Plaintiff's acquisition of PB Fasteners, the Asset Purchase Agreement, licensing of trade secrets, know-how and technical information related to the SLEEVbolt ® and dealings with the FTC because there was no expectation of confidentiality in the communications set forth in the FTC outlines and no indication that such communications were for the purpose of seeking legal advice. Id. at 7-8. The Court also found that the FTC outlines were not entitled to work product protection regardless of any mental impressions contained in the documents because there was no expectation of confidentiality in the communications disclosed and its author, Ms. Gray, understood, at the time of the communications, that her impressions would likely be shared with the FTC. Id. at 8-9. By declining to find a subject matter waiver, the Court recognized that Gray's communications and notes regarding the FTC proceedings could be privileged if they involved confidential communications for the purpose of obtaining legal advice, and therefore, denied Defendants' request to compel production of other, privileged documents relating to the same subject matter.

---

Stipulation under seal. See Dkt. Nos. 598, 602, 605-06. The unredacted documents are filed at Dkt. Nos. 599, 603, 607-08).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

**B.    Motion to Compel**

During her deposition testimony on September 25, 2020, Sara Gray testified that she

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████   (Joint Stip. at 4-5).    Following Gray's deposition, Plaintiff produced a third  revised  privilege Log identifying previously unidentified email communications between Ms. Gray and Mr. Caplan.  (Joint Stip., Exh. D). In response to Defendants' request that Plaintiff  produce *all of the notes and email communications* related to the FTC inquiry to which Gray had testified, Plaintiff asserted the attorney client privilege and attorney work product doctrine.  (Joint Stip. at  5).

Defendants contend that Plaintiff has improperly withheld production of these documents because "to the extent the referenced communications were intended for gathering facts to disclose to the FTC, they were not privileged," and when notes of those communications are not made in anticipation of litigation, they "do not qualify as attorney work-product." (Joint Stip. at  6).

On September 23, 2020, the Court issued an Order modifying the scheduling order "for the limited purpose of allowing Defendants to file a motion to seek further responses to the deposition of Sara Gray after the close of fact discovery, including seeking documents and testimony that was putatively withheld on the basis of privilege or the work product doctrine." Dkt. No. 575 at 3.   Plaintiff contends that the motion – which seeks the production of notes and email communications relating to the FTC inquiry - is untimely because the scheduling order was modified "only for the purpose of seeking 'further responses to the deposition of Ms. Gray,'" ((Joint Stip. at 8, citing to Dkt. No. 575 at 1), and Defendants are not seeking further responses to questions posed to Ms. Gray.  Plaintiff further claims that Defendants are judicially estopped from seeking relief because they represented that the Court's availability to rule on objections during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

the Gray deposition would obviate and moot the need for post-discovery motions practice.[4] Plaintiff also asserts that Defendants are in effect re-litigating their first privilege motion in which the Court rejected Defendants' argument that Plaintiff's disclosure of the FTC outlines amounted to a subject matter waiver of privilege.   Plaintiff maintains that the notes and email communications at issue were  prepared by attorneys during their representation of Precision Castparts Corporation ("PCC"), the parent company of Plaintiff  SPS Technologies Inc., and Plaintiff  in the FTC proceedings, and reflect confidential attorney-client communications which are protected from disclosure by the attorney-client privilege, and are also protected from disclosure by the work product doctrine because they were prepared in anticipation of litigation with regulatory agencies.  (Joint Stip. at 9).

The Court noted, at the outset of the hearing, that the parties' submissions do not cause it to re-visit its February 18, 2020 ruling, and counsel for Defendants agreed that the Court need not vacate its earlier ruling in order to grant the requested relief.[5]

1.   The Motion is Timely

During her deposition,  Sara Gray[6] testified that █████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ (Joint Stip. at 20-21). Defendants contend that this was the first time they became aware of the existence of ██████████ ████████ which have not been identified on any privilege log prepared by Plaintiff and that to the extent these ██████████ are the source of information contained in the FTC outlines, they should be produced, along with any other notes and communications prepared in connection with the

---

[4] On  September 25, 2020, the Court granted Defendants' *ex parte* application for judicial assistance during the deposition of Sara Gray. (Dkt. No. 580).

[5] Since the Court is not re-visiting its earlier ruling, the Court need not address Plaintiff's arguments regarding the law of the case doctrine.  (Motion at 47-49).

[6] In 2011, Sara Gray was an attorney at the law firm of Stoel Rives, LLP., and part of a team of attorneys representing PCC and Plaintiff SPS Technologies Inc., in connection with the FTC's investigation of the acquisition of  the assets of Paul R. Briles, Inc., by PCC and SPS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

FTC outlines. (Joint Stip. at 23). Defendants also contend that Plaintiff's third revised privilege log identifies – for the first time - email communications, including attachments, between Ms. Gray and Mr. Caplan that occurred during the FTC proceedings. (Joint Stip. at 21-22). Defendants seek an order compelling Plaintiff to produce (1) Original notes of phone calls or meetings with the FTC including the June 7 and June 8, 2011 phone calls; (2) All documents (emails, notes) that were incorporated into the FTC outlines or the June 28, 2011 presentation to the FTC; and (3) Non-privileged email communications between Jeff Caplan and Sara Gray relating to the FTC's inquiry. Id.

Plaintiff claims that Defendants are seeking documents that were identified on Plaintiff's second privilege log, which Defendants did not challenge in their previous motion to compel (Joint Stip. at 42-43). During the hearing, Plaintiff identified entry numbers 1188 and 1190 on their first privilege log as the ▮▮▮▮▮▮▮▮▮ at issue.[7] (Joint Stip., Exh. I). However, these entries, ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Joint Stip., Exh. D at 54). Contrary to Plaintiff's claims, these entries are not identified ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or described in a manner that would permit such an inference.

Because Gray's deposition testimony on September 25. 2020, revealed - for the first time - the existence of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for which Plaintiff asserts work product, these documents are within the ambit of Judge Fitzgerald's Order modifying the scheduling order to allow Defendants to seek "documents and testimony putatively improperly withheld." See Dkt. No. 575. Similarly, email communications between Gray and Jeff Caplan during the FTC proceedings, disclosed on Plaintiff's third revised privilege log, *after Gray's*

---

[7] Defendants contend that Plaintiff did not respond to their inquiry requesting which entries on the privilege log reflect the June 7 and 8, 2011 calls. See Joint Stip. at 21 n. 4, Exh. H.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|-----|----------------------|------|-------------------|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

*deposition on September 5, 2020,* for which Plaintiff asserts privilege and work product, are also within the scope of the Court's Order.  Accordingly, Plaintiff's timeliness objection is overruled.[8]

   2.  <u>Original Notes of June 7 and 8, 2011 FTC calls</u>

     Defendants contend that, to the extent Gray's ███████████████ consist of the source material for the information contained in the FTC outlines,  Plaintiff cannot assert any privilege relating to these "original source documents" which were incorporated into the FTC outlines because the Court's February 18. 2020 Order found that these documents were non-privileged and not work product, did not reveal any confidential communications for the purpose of obtaining legal advice, reflected an understanding that the information contained within these documents could be shared among the joint defense group and with the FTC and there was no intent that the information remain confidential. (Joint Stip at 22).  The Court agrees.  Gray testified that ███████████████████████████████████████████████████████████████████████████████ (Joint Stip. at 32). The Court concurs with Defendants' claim that that discovery of the original source documents are likely to provide clarity about what was said and by whom, including whether, as set forth in the FTC outlines,  Robert Briles represented that SPS possessed trade secrets, and because Gray acknowledged that ██████████████████████████  To the extent the notes contain factual information and other information (including mental impressions) concerning matters that were included in the FTC outlines which the court has found were not privileged or work product, it follows that the source of the information – the ████████████████████ – cannot be withheld on the basis or privilege or work product.

---

   [8] For the same reasons, the Court finds that Defendants are not judicially estopped from seeking relief.

   [9] It is unclear whether there were material edits to the factual information contained in the FTC outlines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|-----|----------------------|------|-------------------|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

Plaintiff contends that Gray's ██████████████████████████
█████ contain not only a factual record of the calls but also her mental impressions, opinions, and conclusions, that ████████████████████████████████ ██████ that was produced in this litigation, and the ███████████████ were maintained in a separate, private file that was not shared with members of the joint defense group or the FTC. (Joint Stip. at 35). Gray asserts, in her declaration filed in support of Plaintiff's opposition to the motion, that her notes contained both factual information as well as confidential communications and that she segregated the latter. (Joint Stip. , Gray Decl., ¶ 5). While Gray identifies certain entries on Plaintiff's third revised privilege log as attorney notes containing confidential communications between attorneys at Stoel Rives and employees and in-house counsel at PCC and SPS for the purpose of providing legal advice, entry numbers 1188 and 1190 are not identified as such. Id.

Gray's █████████████████████████ are discoverable and must be disclosed to Defendants. Plaintiff may redact confidential communications ████ ███████████ that fall within the attorney client privilege and must provide a privilege log that sufficiently describes the redacted communications.

3. <u>Original Source Documents for FTC outlines or the June 28, 2011 FTC Presentation</u>

Defendants seek the production of documents, including emails and notes of interviews that Gray conducted with others for the purpose of obtaining information that was incorporated into the FTC outlines or the June 28, 2011 presentation to the FTC. (Joint Stip. at 21-22, 25). Gray testified that ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████ Id.

Plaintiff contends that the documents Defendants seek are listed on their third revised privilege log as documents prepared by attorneys at Stoel Rives, including Sara Gray, and are protected from disclosure as opinion work product entitled to "almost absolute immunity" because they were prepared in the course of the attorneys' representation of Plaintiff in the FTC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

proceedings, in anticipation of litigation with the FTC and reflect the attorneys' mental impressions, opinions and legal conclusions. (Joint Stip. at 51). The Court has reviewed the case authority Plaintiff cites to support its argument that documents prepared in anticipation of litigation with regulatory agencies are protected by the work-product doctrine, see Joint Stip. at 51-52, but notes that these cases emphasize the need to examine the context in which records are prepared to determine whether they constitute work product. See e.g., *Hodges, Grant & Kaufmann v. U.S. Gov't Department of Treasury*, 768 F.2d 719, 722 (5th Cir. 1985) (remanding to the district court to make findings regarding whether an accountant's report, even if prepared primarily for preparing a tax return or with an intention that it be disclosed to the IRS, "may well have been prepared in anticipation of an administrative dispute" and constitute work product).

Defendants dispute Plaintiff's claim that Gray's notes were prepared in anticipation of litigation with the FTC as a basis for their assertion of work product, noting that the joint defense agreement between the PCC and PB Fasteners was formed ████████████████ ████████████████████████████████████████████ (Joint Stip. at 27). Defendants also point out that in its prior arguments to the Court, Plaintiff asserted that the information disclosed in the FTC outlines was not "work product because [it] do[es] not disclose counsel's mental impressions or legal analysis and because it was understood that the information therein could be shared with an adverse party, the FTC, at the time they were prepared." (Supp. Mem. at 3, citing Exh. F at 5). Accordingly, Defendants argue that there is no basis for finding otherwise with respect to Gray's ████████████████ relating to the same or related conversations. (Supp. Mem. at 3). Defendants' arguments are bolstered by Gray's deposition testimony in which she stated that ██ ████████████████████████████████████████████ Id., at 4 and n. 5. The Court agrees. As Defendant points out, Gray's ████████████████████████████ as well as her notes and communications for the purpose of gathering information to present to the joint defense group and the FTC cannot be withheld on the basis of work product because, to the extent the information was incorporated into the FTC outlines, the June 28, 2011 presentation to the FTC, or disclosed to the joint defense group, there was no expectation of confidentiality in the underlying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|-----|----------------------|------|-------------------|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

communications or anticipation of litigation when they occurred.[10]  The Court finds, alternatively, that the factual information otherwise contained in the identified notes and email communications is discoverable under Fed.R.Civ.P. 26(b)(1) and (b)(3) as Defendants have established that they have a substantial need for the materials and cannot obtain the substantial equivalent of the information by other means.  See Joint Stip. at 32.

Factual information, mental impressions and opinions contained in the email communications and notes of interviews that Gray conducted with others for the purpose of obtaining information intended for the joint defense group or incorporated into the FTC outlines or the June 28, 2011 presentation to the FTC are discoverable and must be disclosed to Defendants. These documents have been identified as the following entries on Plaintiff's third revised privilege log: 1185-96, 1203, 1206, 1218, 1221, 1226 (Joint Stip., Gray Decl., ¶ 4, Supp. Mem. at 3 n.3). Plaintiff may redact confidential communications within those notes that fall within the attorney client privilege and must provide a privilege log that sufficiently describes the redacted communications.  Plaintiff may also redact information that was not intended to be shared with the joint defense group or the FTC.  See Joint Stip. at 35.

4.  Email Communications With Jeff Caplan

Following Gray's deposition on September 25, 2020, Plaintiff produced a third revised privilege log identifying a number of email communications, including attachments, between Ms. Gray and Mr. Caplan during the ongoing FTC proceedings.  (Motion at 21, Exhs. D and G). Defendants contend that Gray's email communications with Jeff Caplan, who Plaintiff previously identified as a source of information that was provided to the FTC, should be reviewed by the Court *in camera* to determine whether the communications contain factual information that was

---

[10] Having reached this decision, the Court declines to address the parties' respective arguments regarding whether work product protection applies to documents prepared in the ordinary course of business or counsel's mental impressions in documents not prepared in anticipation of litigation (Joint Stip. at 28-30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|---|---|---|---|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

provided to, or intended to be provided to, the FTC or the joint defense group.  (Motion at  5-6 ; Supplement at 1, 3, n.3).

Plaintiff maintains that Gray's email communications with Jeff Caplan[11] ("Caplan emails") are subject to the attorney client privilege because they contain confidential communications with Gray in her role as outside counsel for Plaintiff for the purpose of providing legal advice regarding the FTC proceedings. (Joint Stip., Gray Decl., ¶¶ 6-7). Plaintiff also claims that since all but one of the listed communications took place after the June 7 and 8, 2011 conferences with the FTC and the June 28, 2011 presentation to the FTC, these did not include, and were not intended to obtain, factual information to be provided to the FTC.  However, Defendants assert that the FTC proceedings were still ongoing at the time these communications occurred and they may include factual and other information that was included in the FTC outlines.

Although the Court is inclined to order Plaintiff to produce the Caplan emails to the extent they include factual and other information that was included in the FTC outlines or the June 28, 2011, presentation to the FTC, and permit Plaintiff to redact confidential communications that fall within the attorney client privilege (and provide a privilege log), and encourages the parties to meet and confer on this issue, the Court will conduct an *in camera* review of these emails if the parties cannot reach a resolution.  Plaintiff is directed to submit the following documents for *in camera* review: Plaintiff's third revised privilege log, Entry Nos: 1183, 1212, 1215, 1241-68, and 1289-92.

**C.    Conclusion**

Defendants' motion to compel production of documents withheld on the basis of Privilege and Work Product is **GRANTED-IN-PART**.  Plaintiff must produce – no later than seven (7) days from the date of this Order - the documents identified as entry numbers 1185-96, 1203, 1206, 1218, 1221, 1226 1188, 1190, on its third revised privilege log, and may redact confidential communications that fall within the attorney client privilege and information that was not intended

---

[11]    Sara Gray identified the emails at issue as the following entries on Plaintiff's third revised privilege log: Numbers 1183, 1212, 1215, 1241-68, 1289-92.  (Joint Stip., Gray Decl. ¶¶ 6-7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 18-9536 MWF (ASx) | Date | November 30, 2020 |
|-----|----------------------|------|-------------------|
| Title | *SPS Technologies, LLC, d/b/a PB Fasteners v. Briles Aerospace, Inc., et al.* | | |

to be shared with the joint defense group or the FTC.  Redacted documents must be identified on a sufficiently detailed privilege log.

  Plaintiff is directed to submit documents identified as entry numbers 1183, 1212, 1215, 1241-68, 1289-92 on its third revised privilege log to the Court for *in camera* review, no later than seven (7) days from the date of this Order.[12]

  IT IS SO ORDERED.


cc:  Michael W. Fitzgerald
  United States District Judge

<table>
<tr><td></td><td>1</td><td>:</td><td>20</td></tr>
<tr><td>Initials of Preparer</td><td>AF</td><td></td><td></td></tr>
</table>

---

[12] The deadline to comply with this Order will be stayed pending the resolution of any timely filed motion for review.